United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41448
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER MORALES-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-722-ALL
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Morales-Hernandez appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following deportation, in violation of 8 U.S.C. § 1326. Morales-Hernandez concedes that his appellate arguments are foreclosed. He nevertheless raises two issues to preserve them for possible en banc or Supreme Court review.

Morales-Hernandez renews his argument that the district court erred in determining that his prior state felony conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for possession of cocaine was a "drug trafficking crime" under 8 U.S.C. § 1101(a)(43)(B) and thus an "aggravated felony" which warranted an eight-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(C)(2001) and 8 U.S.C. § 1326(b)(2). Morales-Hernandez's argument regarding the definitions of "drug trafficking crime" and "aggravated felony" is foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002), cert. denied, 123 S. Ct. 1948 (2003). The district court did not err in sentencing Morales-Hernandez under U.S.S.G. § 2L1.2(b)(1)(C)(2001) and 8 U.S.C. § 1326(b)(2).

Morales-Hernandez also argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Morales-Hernandez's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998). Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000), did not overrule that decision. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, the district court did not err in sentencing Morales-Hernandez under 8 U.S.C. § 1326(b).

The judgment of the district court is AFFIRMED.